THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM SLAUGHTER, Appellant.

Appeal by the defendant from a judgment of the Court of Special Sessions of the City of New York, County of New York, rendered against him on September 17, 1937, convicting him of a violation of section 483 of the Penal Law (impairing the morals of a minor).

Judgment affirmed. No opinion.

Present — Martin, P. J., O'Malley, Townley, Glennon and Untermyer, JJ.; Martin, P. J., and Townley, J., dissent; dissenting opinion by Martin, P. J.

MARTIN, P. J. (dissenting). The material evidence submitted on behalf of the People in this case consisted solely of the testimony of a fifteen-year-

old boy. All of his important testimony was contradicted by the defendant, leaving the issue as to the guilt of the defendant at least in grave doubt.

The defendant called a number of character witnesses who not only testified that his reputation for morality and decency was excellent but also testified in detail to his employment and his associates.

Mr. Alexander C. Garner, pastor of the Grace Congregational Church, 308 West One Hundred and Thirty-ninth street, New York city, for about sixteen years, testified that he knew the defendant for six years. He stated that the defendant attended church regularly and was manager of the board of ushers and that his general reputation for morality was good.

Mr. Henry L. Kalish testified that the defendant had been in his employ for about eight or nine years. He then stated: " Q. (Interrupting). What is his general reputation? A. His general reputation is very good, 100 per cent. I thought enough of him to put down $500.00 bail and still employ him. Q. And he is still employed by you? A. By me, yes."

The evidence of good character introduced by the defendant, when considered in connection with all the other evidence, is sufficient to raise a reasonable doubt as to the guilt of the defendant.

In *Cancemi* v. *People* (16 N. Y. 501, 506) the court stated: " But in cases where the other evidence is nearly balanced, but slightly preponderating against the defendant, the presumption from proof of good character is entitled to great weight, and will often be sufficient to turn the scale and produce an acquittal."

In *People* v. *Bonier* (179 N. Y. 315) the court said: " It is, therefore, the law that evidence of good character may of itself create a reasonable doubt, when without it none would exist, and that upon the request of the accused the jury should be told that such evidence, in the exercise of their sound judgment, may be sufficient to warrant an acquittal, even if the rest of the evidence should otherwise appear conclusive."

The guilt of the defendant was not proved beyond a reasonable doubt.

I am of the opinion, therefore, that the judgment of conviction should be reversed and the information dismissed.

Townley, J., concurs.