UNITED STATES of America,
Plaintiff-Appellee,

v.

Walter CYLKOUSKI,
Defendant-Appellant.

No. 76–1964.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 10, 1977.

Decided May 4, 1977.

Rehearing Denied July 14, 1977.

A. J. Jolly, Fort Thomas, Ky., for defendant-appellant.

Eldon L. Webb, U. S. Atty., James E. Arehart, Lexington, Ky., for plaintiff-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is a direct appeal by appellant Walter Cylkouski from his conviction of a crime in the United States District Court for the Eastern District of Kentucky. He and some sixteen others were charged in a seven count indictment with a miscellany of offenses involving gambling. The appellant was named only in counts one, two and seven of the indictment. In a joint trial with other defendants he was acquitted on counts one and two. In a separate, severed trial, before a jury, he was convicted on count seven and sentenced to two years imprisonment. He appeals.

Count one of the indictment charged the defendants, including the appellant, with conspiring (Sec. 372, Title 18, U.S.C.) to commit various offenses involving gambling in violation of Sections 1084, 1955, 1952(a)(3) and 1953 of Title 18, U.S.C. Count two charged that various defendants, including appellant did knowingly and wilfully conduct, manage, supervise and direct an illegal gambling business in violation of Kentucky Revised Statutes 436.200, 436.440, 436.450 and 436.490, thus violating Section 1955, Title 18, U.S.C.

Count seven of the indictment upon which the appellant was convicted, charged that he, with defendants Joseph Anthony Mark Albers and Charles Burkhart, conspired to obstruct the enforcement of criminal laws of Kentucky, to wit: Kentucky Revised Statutes, Sections 436.200, 436.440, 436.450 and 436.490 with intent to facilitate an illegal gambling business—this in violation of Section 1511, Title 18, U.S.C. The crux of this count, as a charge against the appellant, is that, as a police detective with the City of Newport, Campbell County, in the Eastern District of Kentucky, having knowledge of the alleged gambling business being conducted, allowed it to continue without enforcing the criminal laws of Kentucky.

On application of the Government, co-defendants Albers and Burkhart were granted immunity from prosecution and the trial proceeded against the appellant, as a single defendant, on count seven.

We consider first whether the trial of the appellant on count seven of the indictment, after being acquitted on counts one and two, constitutes being placed twice in jeopardy for the same offense.

"* * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; * * *" (Amendment 5, U.S. Constitution)

Count one of the indictment charged that the appellant entered into an agreement with others to violate federal laws relative to gambling. Count two of the indictment charged that the appellant and others committed the substantive offenses in violation of the federal gambling laws. In the seventh count of the indictment it is alleged that the appellant entered into an agreement of conspiracy with Joseph Anthony Mark Albers and Charles Burkhart and with others not known to the Grand Jury to obstruct the enforcement of the criminal laws of the Commonwealth of Kentucky— the laws which they were charged with violating in counts one and two.

In the first and second counts of the indictment the appellant was a participant in the conspiracy to violate and in the sub-

stantive offense of violating the gambling laws in question. In the seventh count his role was to do nothing in a situation where he knew laws which he had a duty to enforce were being violated. The essential element of the seventh count, not present in counts one and two, is that the appellant was a police officer and, as such, had a duty to perform to enforce the gambling laws. Whether he had jurisdiction to function in the area involved and whether he failed to perform his duties are questions of fact for the jury to determine.

Although the evidence adduced at the trial of the seventh count was substantially the same as that introduced in the trial of the first and second counts, the essential element that the appellant was a police officer made the seventh count a separate offense from counts one and two.

"Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306. See also, *United States v. Austin,* 529 F.2d 559, 562 (C.A. 6) 1976.

We conclude that appellant was not placed twice in jeopardy for the same offense by his trial on count seven of the indictment. We find also that the conspiracy agreements alleged in counts one and seven are not a single agreement.

It is claimed on behalf of the appellant that the trial judge erred in refusing the defendant the right to offer character witnesses in his behalf.

At the opening of the defense, counsel for defendant said,
> "The other thing I want to discuss is the plan to put Father Dye on as a character witness and *I want to know whether I should put the defendant on first or put the witness on first.*" (Emphasis added.)

The trial judge replied, "You may put them on anyway you see fit." Counsel for the Government objected that, under Rule 608 of the new Rules of Evidence, it was not proper to put a character witness on the stand until the character of the witness for truthfulness had been put in issue.

After some discussion, counsel for the defendant said,
> "Well, I would like the record to show that I would offer *Father Dye who would testify as to the reputation of this witness for the truth and reputation of the witness.*" (Emphasis added.)

He said further,
> "Well, this defendant is charged with a crime and that he ought to have the best things said about him by the best person."

The trial judge then said,
> "Well, I assume when you say that, you are also telling me that you don't know of any portion of this trial up to this time that puts his character for truthfulness in issue?"

Counsel: "That is right."

The court then sustained the objection on the basis that character is not amenable to proof until it is placed in issue. It appears obvious that counsel for the parties as well as the court were confused on the questions of admissibility of evidence of general good character of the defendant and character evidence as to the reputation of a witness for truthfulness. We conclude that counsel for appellant did not clearly state the purpose for which he wished to call Father Dye as a witness. Counsel's first approach was to ask the court "whether I should put the defendant on first or put the witness on first."

█ We are of the opinion that it would have been proper for counsel to have offered Father Dye as a witness to testify to the general good character of the defendant before the defendant had testified.

Rule 404 of the Federal Rules of Evidence provides,

"(a) Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion except:

(1) Evidence of a pertinent trait of his character offered by an accused * *"

In *Michelson v. United States,* 335 U.S. 469, 69 S.Ct. 213, 219, 93 L.Ed. 168, the Court said,

"But this line of inquiry firmly denied to the State is open to the defendant because character is relevant in resolving probabilities of guilt.* [* Note: 1 Wigmore, *Evidence* (3d ed., 1940) § 56, etc.] He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged. This privilege is sometimes valuable to a defendant for this Court has held that such testimony alone, in some circumstances, may be enough to raise a reasonable doubt of guilt and that in the federal courts a jury in a proper case should be so instructed."

■ If counsel had in mind to offer Father Dye as a witness to testify to the defendant's reputation for truthfulness, we are of the opinion that the ruling of the trial judge was correct. Rules 608(a) of the Federal Rules of Evidence provides,

"The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

■ We do not find from the record that Father Dye was offered as a witness after the defendant testified. We understand from the colloquy of judge and counsel the judge would have allowed the witness to testify after the defendant's truthfulness became an issue. The issue here is a highly technical one and we think, if there were error, it would have been cured by Father Dye's testimony after the defendant had testified. We conclude that the appellant was not denied the right to offer character witnesses and that he was not prejudiced by the court in determining the order in which they should be called.

In the brief of counsel for the appellant, he states that, in the first trial a priest and a newspaper reporter testified as to the appellant's good character but, in the second trial they were not permitted to testify. In the colloquy between counsel and court to which we have referred above, the newspaper reporter was not offered as a witness.

■ We find no merit to the claim that the court erred in overruling appellant's motions to suppress all evidence and to dismiss the charge in count seven. It was proper to call as witnesses persons who were parties to conversations with the appellant even though the telephone tapes of those conversations had been suppressed.

Finally, it is claimed on behalf of the appellant that there was not sufficient evidence to establish a violation of Sec. 1511, Title 18, U.S.C. and that the court erred in denying appellant's motion for acquittal.

The statute, under which the appellant was indicted in count seven, provides:

"(a) It shall be unlawful for two or more persons to conspire to obstruct the enforcement of the criminal laws of a State or political subdivision thereof, with the intent to facilitate an illegal gambling business if—

(1) one or more of such persons does any act to effect the object of such a conspiracy;

(2) one or more of such persons is an official or employee, elected, appointed, or otherwise, of such State or political subdivision; and

(3) one or more of such persons conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business.

* * *"

In considering the sufficiency of the evidence on review, this Court considers it in the light most favorable to the Government.

The first essential element for the Government to establish is that there was a conspiracy and that the appellant was a member of that conspiracy—the object of the conspiracy being to obstruct the enforcement of the criminal laws of Kentucky with the intent to facilitate an illegal gambling business. Upon consideration of the evidence and the careful instructions of the trial judge defining conspiracy we conclude that there was evidence from which, if believed, the jury could have found that there was a conspiracy, meeting the requirement of the statute.

It was undisputed that the appellant was a detective of the City of Newport, Kentucky. It was proven that the appellant and his alleged co-conspirators did the overt acts charged in the indictment in furtherance of the conspiracy. It was further proven that Albers, a co-conspirator conducted, managed, supervised, directed or owned all or part of an illegal gambling operation.

Further, in considering all of the evidence, in the light most favorable to the Government, we conclude that the jury could have found from the action and conduct of the appellant that he acted wilfully in becoming a member of the conspiracy and with an intent to facilitate an illegal gambling business.

AFFIRMED.