**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Rex Edward DARLAND,**
**Defendant-Appellant.**

**No. 80–7103**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 1, 1980.
Rehearing Denied Oct. 29, 1980.

Michael E. McMaken, Mobile, Ala., for appellant.

W. A. Kimbrough, Jr., U. S. Atty., William R. Favre, Jr., Asst. U. S. Atty., Mobile, Ala., for appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

Rex Edward Darland appeals his conviction by jury of robbery of a federally insured bank, 18 U.S.C. § 2113(a). We reverse.

Darland and Randall DeWayne Garrick were indicted for the robbery of the Fulton Branch of the Bank of Thomasville, Alabama. Garrick pleaded guilty and became a voluntary witness at Darland's trial at which his testimony was the principal evidence offered by the government. Darland did not testify. His defense consisted of the testimony of one alibi witness and the affidavit of an elderly lady tendered as a character witness. The character witness could not attend court because of injuries sustained in an accident. In lieu of her testimony in open court her affidavit, in question and answer form,[1] was offered in evidence. The government did not object.

1. The affidavit of the character witness is as follows:

I, Johnnie K. Landry, being duly sworn, depose and say:
Q. Please state your name.
A. Johnnie K. Landry.
Q. How old are you?
A. 71.
Q. Please state your address.
A. 29 Madison Street, Chatahoochee, Florida, since Christmas of 1929.
Q. What is your occupation?
A. Rent rooms.
Q. How many people reside in your boarding house?
A. Three at this time, besides Rex. But I have 16 rooms and there have been many others over the years.
Q. Do you know Rex Edward Darland?
A. Yes.
Q. How long have you known Rex Darland?
A. Over 1 year.
Q. When did you first meet Rex Darland?
A. Over one year ago.
Q. How did you meet?
A. We met when he rented a room from us.
Q. Describe your relationship with Mr. Darland.
A. A good friend and tenant.
Q. Do you see him frequently?
A. Once a day when he is there.
Q. Where does he reside?
A. Room 9 at the rooming house.
Q. Does he get along with the other boarders?
A. Yes, and they all like him.
Q. Do you know his reputation in the community for truth and veracity?
A. Yes.
Q. Honesty?
A. Yes.
Q. Integrity?
A. Yes.
Q. As a law abiding citizen?
A. Yes.
Q. Peacefulness?
A. Yes.
Q. Is his reputation for the following character trait good or bad? Truth and veracity?
A. Good.
Q. Honesty?
A. Good.
Q. Integrity?
A. Good.
Q. As a law abiding citizen?
A. Good.
Q. Peacefulness?
A. Good.
Q. Would you be willing to come testify for Rex Darland at the trial of the case in which he is charged with the offense of bank robbery?

After the affidavit was read to the jury the following colloquy took place out of the hearing of the jury:

> THE COURT: Counsel, you have offered an affidavit in evidence of the character of the defendant as to truth and veracity, but you have not put the defendant on the stand to testify.
>
> Do I understand that you don't intend to call the defendant?
>
> MR. McMAKEN: He does not want to testify, yes.
>
> THE COURT: The Court will strike the affidavit and advise the jury they are not to consider it.

This ruling by the court, *sua sponte*, was later followed by this cautionary instruction to the jury:

> All right, ladies and gentlemen, you have had an affidavit read to you relative to the character of the Defendant. The court strikes that affidavit. You can disregard that testimony in its entirety.

The court underscored the imperative that the affidavit be disregarded by this further instruction during the formal charge:

> If any evidence was admitted and afterwards ordered by me to be stricken out as there was in this case, you must disregard entirely the matter thus stricken. The court so instructs you.

The court, consistent with striking the affidavit, refused to give a jury instruction on character evidence requested by Darland.[2]

 Appellant did not object to the court's rulings and actions which, therefore, may not be reviewed unless they constitute

> A. Yes.
> Q. Will you be able to attend this trial?
> A. No.
> Q. Why will you be unable to attend this trial?
> A. I was in a bad car wreck and have a ruptured spine and lost one eye, and I am under the constant care of my doctor and must go back to the doctor several days each week.

2. The defendant requested this charge which the court declined to give:

plain error or affect substantial rights. Fed.R.Evid. 103(d); Fed.R.Crim.P. 52(b); *United States v. Miranda*, 593 F.2d 590 (5th Cir. 1979). The court prevented the defendant from presenting evidence of good character in his defense. We hold that where the character evidence offered affects a trait relevant to the crime charged, to deny introduction of such evidence and to refuse an appropriate charge to the jury constitutes both plain error and an error affecting substantial rights.

 The trial judge struck the affidavit because the defendant did not testify. Evidence reflecting a defendant's reputation for truth and veracity is relevant where truth and veracity is put at issue by the defendant taking the stand or where the crime is a *crimen falsi*. The crime with which Darland is charged does not so qualify and he did not testify. The trial judge thus correctly excluded evidence of defendant's reputation for truth and veracity and properly declined to charge the jury as to such evidence. However, the court's ruling was overly broad.

The testimony of Mrs. Landry, the character witness, went beyond expressions as to truth and veracity. She testified about the defendant's reputation for honesty, for integrity, as a law-abiding citizen, and for peacefulness. Such traits are relevant to the offense charged.

 Evidence of a person's character or of a trait of his character is admissible if it is evidence of a pertinent trait in light of the elements of the offense charged. Fed. R.Evid. 404(a). It has long been recognized that a defendant may introduce character

> Where a Defendant has offered evidence of good general reputation for truth and veracity, or honesty and integrity, or as a law-abiding citizen, the jury should consider such evidence along with all other evidence in the case.
>
> Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved with the commission of the crime charged, may give rise to a reasonable doubt since the jury may think it improbable that a person of good character in respect to those traits would commit such a crime.

testimony to the effect that "the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." *Michelson v. United States*, 335 U.S. 469, 476, 69 S.Ct. 213, 219, 93 L.Ed. 168 (1948). Indeed, such testimony alone may be enough to raise reasonable doubt of the guilt of the accused and may entitle the accused to an appropriate jury instruction to that effect. *Id.*; *Edgington v. United States*, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). The defendant's right to present such testimony is not conditioned on the defendant's taking the stand. *Edgington*; *see also United States v. Lamont*, 565 F.2d 212 (2d Cir. 1977), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978).

Having concluded that this character evidence should have been admitted, and that the jury should have been charged as to its proper consideration, we must decide whether the challenged actions were harmless error. We cannot conclude from this record, with the certainty required, that the exclusion of this evidence and the refusal to charge the jury with respect to it was harmless error.

 The government argues that this issue is not preserved because there was no proffer made of the evidence. No proffer was necessary. This is not the typical trial situation where evidence is offered and excluded. In that instance a proffer must be made so that the reviewing court will know what has been excluded. Here we do not need to be told what was excluded. The affidavit was received in evidence and then ordered stricken. The testimony is set forth in full in the record, as reproduced in footnote 1. To proffer that which is already in the record would be a redundancy which is neither needed nor welcome.

Darland raises one final issue. He moved for an acquittal, which was denied, by the trial judge, on the ground that the case against him was based solely on the testimony of his co-indictee. He invites our attention to Alabama law prohibiting a conviction under such circumstances and in-

vites us to "plow new ground." We cannot plow new ground while walking in a furrow up to our knees.

 Initially we note that Darland abandoned this motion by not renewing it at the end of the presentation of the evidence. *United States v. Perez*, 526 F.2d 859 (5th Cir.) *cert. denied*, 429 U.S. 846, 97 S.Ct. 129, 50 L.Ed.2d 118 (1976). Reversal, in such an instance, would be appropriate only to prevent "manifest miscarriage of justice." *Id.* No such miscarriage is in the offing for the contention is without merit. We have previously recognized that the testimony of a co-indictee alone can provide sufficient evidence to support a conviction. *United States v. Trevino*, 565 F.2d 1317 (5th Cir.), *cert. denied*, 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1978). The trial court must caution the jury as to the use of such evidence, as was done in this case. No error was committed.

The conviction is REVERSED and the matter is REMANDED.