**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Curtis HEWITT, Defendant-Appellant.**

**No. 79–5613.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 15, 1981.

Rehearing Denied Feb. 23, 1981.

Stephen E. Everett, Richard V. Burnes, Anna E. Dow, Alexandria, La., for defendant-appellant.

Dosite H. Perkins, Jr., A. M. Stroud, III, Asst. U. S. Attys., Shreveport, La., for the U. S.

Before WISDOM, AINSWORTH and GEE, Circuit Judges.

WISDOM, Circuit Judge.

Curtis Hewitt was convicted by a jury on three counts of unlawful possession or receipt of firearms under 18 U.S.C. § 922(h)(1) and 18 U.S.C.App. § 1202(a)(1). He assigns numerous points of error, but we find it necessary to consider only one. We hold that, in the circumstances of this case, he was erroneously denied the opportunity to present evidence of his general character as a law–abiding citizen.

Hewitt chose not to testify in his own defense at his trial. After introducing the testimony of several eyewitnesses, the defense sought to present three character witnesses. Each of the three–a local sheriff's deputy, a local businessman, and the minister of the church Hewitt attended–would have given testimony on Hewitt's character for veracity and lawfulness.[1] The trial judge refused to permit the introduction of any character testimony, apparently because Hewitt had not taken the stand and because his character for veracity was not independently in issue.[2] Hewitt's counsel timely objected to this ruling.

Federal Rule of Evidence 404[3] codifies the familiar rules governing the use of character evidence in criminal and civil trials. In general, the prosecution may not present evidence of the bad character of the accused unless and until the accused presents evidence of good character.[4] The accused may always introduce evidence of "pertinent" traits of his character, however, thereby opening the door to cross–examination and rebuttal on those traits. See generally McCormick, Evidence § 191 (2d ed. 1972); 1 Wigmore, Evidence §§ 55–59 (3d ed. 1940); 2 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 404[05] (1980); 22 C. Wright & K. Graham, Federal Practice and Procedure § 5236 (1978). Under Rule 405, character traits may be proved by opinion testimony or testimony on the accused's reputation in the community for those traits. In some circumstances, evidence of good character may of itself create a reasonable doubt as to guilt, and the jury must be appropriately instructed. United States v. Callahan, 5 Cir. 1979, 588 F.2d 1078,

---

1. The exact offer of proof made by the defense is not entirely clear from the record, but from the statements of counsel at oral argument we infer that the witness' testimony would have related to these traits.

2. The only explanation for the district court's ruling reflected in the record is in the following colloquy:

> The Court: All right, they, I feel, are strictly character witnesses.
> Mr. Everett: Strictly character witnesses.
> The Court: My ruling as to them is they may not appear strictly to testify to anything in regard to–well, he hasn't testified, so his truth and veracity are not–and I gather he is not going to testify–
> Mr. Everett: No, sir.
> The Court: –and are not at issue so I will rule that they cannot appear as character witnesses to testify to his good character.

3. Federal Rule of Evidence 404 reads:

> (a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;
> (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;
> (3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, and 609.
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

4. Since Rule 404 forbids only the inference of conduct from character, it permits the prosecution freely to introduce character evidence for other purposes. The best known example is where character is "in issue"–i. e., is itself an ultimate fact, rather than merely a means for inferring conduct. 1 Wigmore, Evidence §§ 70–81 (3d ed. 1940). See also Weissenberger, Character Evidence Under the Federal Rules: A Puzzle with Missing Pieces, 48 U.Cin. L.Rev. 1 (1979).

1083–86, *cert. denied*, 444 U.S. 826, 100 S.Ct. 49, 62 L.Ed.2d 33; *Edgington v. United States*, 1896, 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467.

■ Under these time–honored principles, it is clear that the district court was correct in excluding the proffered evidence insofar as it related to Hewitt's character for "truth and veracity". Under Rule 404(a)(1), evidence may be offered only of "pertinent" traits, a term apparently synonymous with "relevant". *See* 22 C. Wright & K. Graham, § 5236, at 384. But not all criminal indictments impugn the defendant's truthfulness. That trait is only relevant in three situations. (1) The offense charged is *crimen falsi*; i. e., a lie by the defendant is an element of the crime. *See, e. g., Edgington v. United States*, 1896, 164 U.S. 361, 363, 17 S.Ct. 72, 73, 41 L.Ed. 467, 470; *Darland v. United States*, 5 Cir. 1980, 626 F.2d 1235, 1237. (2) The defendant has testified on his own behalf and his credibility has been attacked. *See, e. g., United States v. Jackson*, 5 Cir. 1979, 588 F.2d 1046, 1055, *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed.2d 310. (3) The truth of out–of–court statements made by the defendant has been attacked. *See, e. g., United States v. Lechoco*, D.C. Cir. 1976, 542 F.2d 84. Hewitt falls within none of these three categories. *See generally* 1 Wharton, Criminal Evidence § 229, at 493–94 (13th ed. 1972); McCormic, Evidence § 191, at 455 n.66 (2d ed. 1972).

■ To the extent, however, that the evidence proffered by Hewitt would establish his character as law–abiding citizen, it stands on a different footing. Such evidence is always relevant, *see* 1 Wigmore, Evidence § 55 (3d ed. 1940), and may be introduced whether or not the defendant takes the stand. *See Darland v. United States*, 5 Cir. 1980, 626 F.2d 1235, 1238. The leading case on character evidence in criminal trials, *Michelson v. United States*, 1948, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168, as well as our recent decision in *Darland*, controlling here, both held that the defendant had a right to establish the character trait of being a "law abiding citizen".

In *Michelson* Justice Jackson pointed out: "[The] line of inquiry [into character] denied to the State is opened to the defendant because character is relevant to resolving probabilities of guilt. He may introduce affirmative testimony that the general estimate of his character is so favorable that the jury may infer that he would not be likely to commit the offense charged." 335 U.S. at 476, 69 S.Ct. at 219 (footnote omitted). The defendant, charged with offering a bribe to a federal revenue agent, was therefore entitled to show his character as a "law abiding citizen", even though that character was broader than the crime charged. 335 U.S. at 483, 69 S.Ct. at 222. Similarly, in *Darland* the defendant was convicted of robbery of a federally insured bank. He did not testify. This Court held that the trial court "correctly excluded evidence of defendant's reputation for truth and veracity and properly declined to charge the jury as to such evidence"; however, the trial court erred in excluding testimony as to the defendant's "reputation for honesty, for integrity, as a law–abiding citizen, and for peacefulness". 626 F.2d at 1238.

To be sure, neither *Darland* nor any other case of which we are aware has considered that the drafters of Rule 404(a)(1) might have intended to permit establishment only of specific character traits, such as truthfulness, and meant to preclude proof of such a general trait as lawfulness. In the preliminary draft of the Federal Rules of Evidence circulated by the Rules Advisory Committee in 1969, the predecessor of 404(a)(1) permitted the accused to offer "[e]vidence of his character or a trait of his character". Proposed Fed.R.Ev. 4–04(a)(1), 1969, 46 F.R.D. 161, 227. The version ultimately submitted to the Supreme Court by the Advisory Committee, and eventually adopted by Congress, amended this to permit evidence only of "trait[s]". Proposed Fed.R.Ev. 404(a)(1), 1971, 51 F.R.D. 315, 346. That this amendment was a deliberate attempt to limit character evidence to specific traits finds some support in the fourth paragraph of the Advisory Committee's Note to Rule 404,

which states in relevant part: "The limitation to pertinent traits of character, rather than character generally, in paragraphs (1) and (2) [of 404(a)] is in accordance with the prevailing view. McCormick § 158, p. 334." By itself, this sentence is ambiguous, for it sets up a false dichotomy between "pertinent traits of character" and "character generally". A general trait of character, such as lawfulness, is no less pertinent for being general. But McCormick's treatise, cited in the Note, then as now finds that the "prevailing and more practical view" excludes proof of "general good character". McCormick, Evidence § 158, at 334 (1952); Id. § 191, at 453 (2d ed. 1972).

Still, when considered against the background of earlier law, we reject a construction of Rule 404(a)(1) that would preclude evidence of character for obedience to law. McCormick's treatise cites no relevant authority for the proposition that evidence of general traits of character should be excluded;[5] indeed, Wigmore takes an opposing view. 1 Wigmore, Evidence § 59, at 462 (3d ed. 1940). Our own survey convinces us that the actual practice in the states has generally been to permit defendants to establish their character for lawfulness,[6] and that the federal courts have unanimously assumed that to be the practice.[7] Particularly since Rule 404(a)(1) was meant merely to codify existing practices, see *United States v. Lechoco*, D.C. Cir. 1976, 542 F.2d 84, 88 n.5, we are loath to assume that its drafters meant to overturn the narrow holding of *Michelson* without specifically so noting.

We are mindful of the Supreme Court's admonition that Courts of Appeals should disturb rulings by trial courts on character evidence "rarely and only on clear showing of prejudicial abuse of discretion". *Michelson v. United States*, 1948, 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168, 176; see also *United States v. Davis*, 5 Cir. 1977, 546 F.2d 583, cert. denied, 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391. After carefully examining the record, we hold that the trial court's refusal to permit the introduction of any character evidence by the defendant makes this such an occasion.

The judgment is REVERSED and the case is REMANDED for a new trial.

---

**5.** McCormick, Evidence § 191, at 455 n.65 (2d ed. 1972) cites *Hawley v. United States*, 10 Cir. 1943, 133 F.2d 966, *State v. Howland*, 1943, 157 Kan. 11, 138 P.2d 424, and *People v. Van Gaasbeck*, 1907, 189 N.Y. 408, 82 N.E. 718, but none of these cases holds that only narrow, specific traits of character may be shown; indeed, both *Hawley, Van Gaasbeck*, and *State v. Fredrickson*, 1910, 81 Kan. 854, 106 P. 1061, cited in *Howland*, suggest the opposite proposition. All three cases merely apply the well-established rule that only *relevant* character traits can be established.

**6.** See, e. g., *People v. Wagner*, 1975, 13 Cal.3d 612, 532 P.2d 105, 119 Cal.Rptr. 457 (testimony on civic activities and family background admitted as character evidence); *Hicks v. State*, Tex.Crim.App.1973, 493 S.W.2d 833; *State v. Hobbs*, Iowa 1969, 172 N.W.2d 268 ("moral character"); *State v. Quinn*, 1939, 344 Mo. 1072, 130 S.W.2d 511; *People v. Slaughter*, 1938, 253 App.Div. 802, 1 N.Y.S.2d 673, rev'd on other grounds, 278 N.Y. 479, 15 N.E.2d 70; *Booker v. State*, 1929, 33 Ohio App. 338, 169 N.E. 588; *Pickelseimer v. Commonwealth*, Ky. 1927, 290 S.W. 498 ("general moral character"); *State v. Selby*, 1914, 73 Or. 378, 144 P. 657. See also *People v. Van Gaasbeck*, 1907, 189 N.Y. 408, 82 N.E. 718. Indeed, it appears that in at least two jurisdictions *only* evidence of general good character is allowed in the first instance. *State v. McKissick*, 1967, 271 N.C. 500, 157 S.E.2d 112; *Jones v. State*, 1943, 70 Ga.App. 431, 28 S.E.2d 373; cf. *Hess v. State*, 1974, 132 Ga.App. 26, 207 S.E.2d 580.

To the contrary are, e. g., *State v. Blake*, 1968, 157 Conn. 99, 249 A.2d 232, citing *State v. Campbell*, 1918, 93 Conn. 3, 104 A. 653; *Wentz v. State*, 1930, 159 Md. 161, 150 A. 278; *Chung Sing v. United States*, 1894, 4 Ariz. 217, 36 P. 205 (alternate holding). See generally 1 Wigmore, Evidence § 59, at 458 n.1, 462 n.2 (3d ed. 1940).

Note that the prior codes of evidence took no clear position on this point. See 22 C. Wright & K. Graham, Federal Practice and Procedure § 5236, at 383 (1978).

**7.** In addition to the two cases cited in text, see *United States v. Cylkouski*, 6 Cir. 1977, 556 F.2d 799, 801 (dictum; "general good character"); *United States v. Jalbert*, 1 Cir. 1974, 504 F.2d 892, 895; *United States v. Lewis*, D.C. Cir. 1973, 482 F.2d 632, 637 ("his presentation . . . may be as narrow or as broad as he chooses . . ."); *United States v. Latin*, 2 Cir. 1943, 139 F.2d 569, 570; *Sutherland v. United States*, 4 Cir. 1937, 92 F.2d 305, 308; *Bryant v. United States*, 5 Cir. 1919, 257 F. 378, 387.