**UNITED STATES**

v.

**Staff Sergeant Danny L. STANLEY, FR 316–64–9405 United States Air Force.**

**ACM 23648.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 May 1982.

Decided 30 March 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Michael J. Hoover.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

CANELLOS, Judge:

Before a general court-martial with members, the accused was convicted, contrary to his pleas, of committing an indecent act upon and taking indecent liberties

with a female under the age of 16. The approved sentence extends to a bad conduct discharge, confinement at hard labor for one year and two months, total forfeitures and reduction to airman basic.

A recital of the facts is necessary to adequately discuss the issues in this case. The victim is the ten year old daughter of a noncommissioned officer assigned to the same unit as the accused. This unit is detached, and is located on a German Air Force base. After attending a "beer call" at the host German unit, the accused and the victim's father, along with a few others, went to the victim's house for food and further drink. During the socializing, the accused sat with the victim and her mother in the living room discussing items of mutual interest; everyone else was partying in the dining room. After a while, the hostess went into the kitchen to prepare some food while the accused remained in the living room with the victim. The evidence up to this point is uncontroverted. From that point on, the stories, as recounted by the victim and the accused, vary dramatically. According to the victim, the accused asked her to show him her sister's room. Once there, the accused kissed her on the cheek, lifted her nightgown, kissed her on her private parts and then exposed his penis to her. The accused testified that the victim asked him to come into her sister's room, and once there she showed him some books and toys, after which he left and went back into the living room. Both parents and some of the others present at the party testified that the most they could say was that they saw nothing happen between the

accused and the victim and observed nothing unusual. Finally, the evidence clearly established that the victim did not complain about this incident until almost four months later, when she finally reported it to her mother.

Although the accused assigns eight errors for our consideration on review, we need discuss only one to resolve this case. That is, the military judge erred in refusing to allow the defense to present evidence of the accused's "good moral character." We agree.

The defense sought to introduce evidence of the accused's reputation for good moral character, under authority of Mil.R.Evid. 404(a)(1)[1], claiming that it was a specific trait of character and pertinent to the offense charged. The military judge denied the request, finding:

> I am convinced that under federal law ... 404(a) would allow for receipt into evidence of this kind of specific trait for lack of propensity to abuse children.... I must surmise that the President intended to change military practice [by revoking M.C.M., 1969 (Rev.), para. 138f.[2], and substituting Mil.R.Evid. 404], and the only change that can be rationally perceived is to restrict or prevent the introduction of this kind of evidence that we've been dealing with.

Mil.R.Evid. 404 is taken almost verbatim from Fed.R.Evid. 404, which merely codified the common law regarding the admissibility of character evidence of the accused. *United States v. Lechoco,* 542

---

1. Rule 404. *Character Evidence Not Admissible to Prove Conduct; Exceptions; Other Crimes*
   (a) *Character evidence generally.* Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:
   (1) *Character of the accused.* Evidence of a pertinent trait of character of the accused offered by an accused, or by the prosecution to rebut the same;

2. M.C.M., 1969 (Rev.), para. 138f. *Character evidence—Proof of character; character of the accused; of others.*

(1) ...
(2) *Character of the accused.* ... To show the probability of his innocence, the accused may introduce evidence of his own good character, ... and evidence of his general character as a moral, well-conducted person and law-abiding citizen. However, he may not, for this purpose, introduce evidence as to some specific trait of character unless evidence of that trait would have a reasonable tendency to show that it was unlikely that he committed the offense charged.

F.2d 84 (D.C.Cir.1976). Historically, an accused could introduce evidence that the general assessment of his character was such that a jury might infer that he would not have committed the offense charged. *United States v. Michelson,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). Under some circumstances, this testimony might be enough to raise a reasonable doubt as to the guilt of the accused. *United States v. Edgington,* 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). Rule 404 provides that the accused may only offer evidence of a trait of character if it is pertinent to the offense charged. "Pertinent" has been judicially interpreted to be synonymous with "relevant." *United States v. Staggs,* 553 F.2d 1073 (7th Cir.1977).

Good moral character (morality) has been recognized as a specific trait of character. *Harper v. United States,* 170 F. 385 (8th Cir.1909). Evidence of such a trait of character has been determined to be admissible where relevant. *State of Snover,* 63 N.J.L. 382, 43 A. 1059 (1899) (carnal knowledge of an underage child); *Poyner v. State,* 40 Tex.Cr. 640, 51 S.W. 376 (1898) (incest); *State v. Johnson,* 145 S.W.2d 468 (Mo.App.1940) (contributing to the delinquency of a minor); *State v. Blake,* 157 Conn. 99, 249 A.2d 232 (1968) (impair the morals of a minor); *People v. Partee,* 17 Ill.App.3d 166, 308 N.E.2d 18 (1974) (indecent liberties with a minor); *State v. Hall,* 259 Iowa 147, 143 N.W.2d 318 (1966) (robbery); *Hobby v. State,* 480 S.W.2d 554 (Tenn.Cr.App.1972) (burglary); *Commonwealth v. Levenson,* 225 Pa.Super. 318, 303 A.2d 838 (1973) (illegally prescribing drugs); *Reed v. D.C.,* 226 A.2d 581 (D.C.App.1967) (indecent liberties with a minor).

In a case involving illegal sexual activity where the only witnesses are the victim and the accused, evidence of the accused's good moral character is particularly important. *Reed v. D.C., supra.* In such cases, the accused may introduce evidence of his character for chastity, morality and decency. *People v. Partee, supra; State v. Blake, supra; People v. Klemann,* 383 Ill. 236, 48 N.E.2d 957 (1943).

More contemporaneously, federal circuit courts have recognized "law abidingness" as a specific trait of character which may be introduced by an accused, where relevant. *United States v. Angelini,* 678 F.2d 380 (1st Cir.1982); *United States v. Darland,* 626 F.2d 1235 (5th Cir.1980); *United States v. Hewitt,* 634 F.2d 277 (5th Cir. 1981). Some circuit courts have stated that the accused may even introduce evidence of his general good character, as long as it is relevant. *United States v. Cylkouski,* 556 F.2d 799 (6th Cir.1977); *United States v. Staggs,* 553 F.2d 1073 (7th Cir.1977); *United States v. Gilliland,* 586 F.2d 1384 (10th Cir.1978). Courts must instruct juries that good character alone may be sufficient to overcome the prosecution's case and raise a reasonable doubt as to the accused's guilt. *United States v. Darland, supra; United States v. McMurray,* 656 F.2d 540 (10th Cir.1980). Failure to allow an accused to present relevant character evidence on the merits violates Rule 404(a)(1) and constitutes plain error. *United States v. Darland, supra.*

The trial judge is given broad discretion in ruling on the admissibility of character evidence. While he has the responsibility to prevent the trial from straying into collateral matters, his broad discretion must be tempered with an awareness of the circumstances of the particular case, and the absolute right of the accused to fully defend himself. *United States v. Cooper,* 353 A.2d 696 (D.C.App.1975). Generally, only upon a showing of a prejudicial abuse of discretion should an appellate court disturb the ruling of a trial court in the matter of character testimony. *United States v. Trollinger,* 415 F.2d 527 (5th Cir. 1969); *United States v. Solomon,* 686 F.2d 863 (11th Cir.1982).

The U.S. Court of Military Appeals has spoken about character evidence in a sex abuse case. *United States v. Conrad,* 15 U.S.C.M.A. 439, 35 C.M.R. 411 (1965). Although this case was decided prior to the adoption of the Military Rules of Evidence, the following language of the court is relevant to our discussion:

His established reputation for good character cannot be lightly regarded. It is highly valuable to any accused and depending on the nature of the charge and the defense, it may be of greater value in one type of case than in another. This is especially so in instances wherein sexual offenses are alleged. As we stated in *United States v. Phillips,* 3 U.S.C.M.A. 137, 142, 11 C.M.R. 137, "evidence of good character is often the best, if not the only, defense which the accused can product." Its prime function is an attempt to show that an accused, being of good character, would not commit the particular crime, because of the great amount of moral degradation which is involved, and also to show that his version of the events should be believed, because of his good reputation for truth and veracity. Evidence of good character may even be sufficient to generate a reasonable doubt as to accused's guilt. The Supreme Court in *Edgington v. United States,* 164 U.S. 361, 366, 41 L.Ed. 467, 17 S.Ct. 72 (1896), stated:

"... The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it the other evidence would be convincing."

The case *sub judice* involves the classic elements of a non-consensual sex crime. On the one hand, there is a ten year old victim, otherwise believable, testifying that the offenses occurred. On the other hand, there is an accused, otherwise believable, testifying that he was not involved in any way in a sex offense. There is no fresh complaint, nor is there any other corroboration and it was almost four months from the incident to the date the victim complained to her mother.

With that posture of the evidence, fairness dictated that the accused be allowed to introduce evidence of his good moral character, so as to demonstrate that he was less likely to have committed these immoral acts. Here, such character evidence could have been enough to raise a reasonable doubt as to the accused's guilt. This appears probable in view of the interest of at least one court member in reballotting on findings, after hearing the character evidence during the extenuation and mitigation portion of the trial.

On the facts of this case, we find that the military judge abused his discretion by refusing to allow the defense to present evidence of the accused's good moral character. This evidence was clearly relevant to the indecent act and liberties charges and was clearly material to a proper adjudication of the issues in this case.

This court's ruling is not to be construed as authority for the introduction into evidence of the general good character of an accused; rather, our finding is based upon the proffer of evidence of a pertinent trait of character, admissible under Mil.R.Evid. 404(a)(1).

Because of our decision on this issue we need not address the remaining issues raised by the accused in his assignment of errors.

The findings of guilty and the sentence are set aside. A rehearing may be ordered.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.