### UNITED STATES

v.

**Greg W. VANDELINDER, 516 56 3458, Airman Apprentice (E–2), U.S. Naval Reserve.**

**NMCM 83 2323.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 March 1983.

Decided 16 Dec. 1983.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Lois B. Agronick, JAGC, USNR, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge and BYRNE and GARVIN, JJ.

GARVIN, Judge:

Appellant was convicted by special court-martial, contrary to his pleas, of the possession, transfer and sale of a controlled substance in violation of Article 1151, U.S. Navy Regulations, 26 February 1973 (Navy Regs.), which is a violation of Article 92, 10 U.S.C.A. § 892, Uniform Code of Military Justice (UCMJ). The members sentenced him to be confined at hard labor for 90 days, to forfeit $382.00 pay per month for three months, to be reduced to pay grade E–1 and to be discharged from the naval service with a bad-conduct discharge.

■ He has assigned two errors on appeal. We initially dispose of the second assignment. A bad-conduct discharge is an appropriate sentence for illegal drug trafficking.

In the second assignment, appellant urges the court to find that:

THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT IN EXCLUDING EVIDENCE OF APPELLANT'S GOOD MILITARY CHARACTER OFFERED ON THE MERITS.

■ We have drawn heavily on the government's brief and have determined that the military judge did not err when he excluded the defense evidence of good military character. The critical question is whether evidence of appellant's good military character was pertinent in reaching the guilty findings. We find that illegal drug dealings are not uniquely military in nature. Good military character is clearly relevant to an offense such as disrespect or a disobedience of orders, but it is not relevant to offenses which are not of a military orientation.

We have searched the record to determine how appellant's good military character may be relevant to the off-base drug transaction which involved a military person. We find no relevance. The probative value of such evidence, on the issue of guilt for the charged offenses, is nonexistent. Performance evaluations do not address lawabidingness and therefore are not relevant, especially when the accused denied the commission of the charged offense.

In *United States v. Clemons,* 16 M.J. 44 (C.M.A.1983), the accused admitted the facts alleged and based his defense on a contention that he properly performed his military duties as the Charge of Quarters. He attempted to avoid criminal responsibility for his conduct by establishing that his actions conformed to his established trait of good military character. In that setting the good military record of the accused was obviously pertinent to a resolution of the issue of guilt and the exclusion of such evidence may have affected the decision of the fact finders.

The exclusion of performance evaluations in this drug sale/transfer situation would not have affected findings.

Military Rule of Evidence (MRE) 404(a) clearly states the rule to be applied in military trials. MRE 101(a) makes it unmistakably clear that the Military Rules of Evi-

dence are the primary source of evidentiary law for the military and we need not go beyond the clear mandate of MRE 404(a) to resolve the issue. We reiterate that the rejected performance evaluations evidence no pertinent trait of the character of appellant which is relevant to the resolution of his guilt in light of his defense, the complete denial of the government's allegations. *United States v. Weeks,* 17 M.J. 613 (N.M.C.M.R.1983).

Accordingly, the findings of guilty and sentence, as approved on review below, are affirmed.

Judge BYRNE concurs.

GLADIS, Senior Judge (dissenting):

I dissent. The military judge erred in excluding evidence of the accused's good military character and lawfulness because those character traits were pertinent to the offenses charged.

Military Rule of Evidence (MRE) 404(a)(1) provides that evidence of a pertinent trait of the character of the accused is admissible to prove that he acted in conformity therewith on a particular occasion. The basic issue is whether the character trait in question would make any fact of consequence to the determination of the case more or less probable than it would be without the evidence of the trait. *United States v. Clemons,* 16 M.J. 44 (C.M.A.1983), citing *United States v. Angelini,* 678 F.2d 380 (1st Cir.1982). Evidence of a general trait of character is admissible if relevant. *United States v. Hewitt,* 634 F.2d 277 (5th Cir.1981). Evidence of the character trait of lawfulness is admissible. *Clemons, Angelini,* and *Hewitt, supra.*

The accused was convicted of wrongful possession, transfer, and sale of a controlled substance. The military judge excluded evidence of good military character, which consisted of enlisted performance evaluations, including evidence of good military behavior.

Illegal drug trafficking is a grave concern to the military. *See United States v. Middleton,* 10 M.J. 123 (C.M.A.1981), n. 11;

*United States v. Trottier,* 9 M.J. 337 (C.M. A.1980). The campaigns of the Chief of Naval Operations and the Commandant of the Marine Corps to eradicate drug abuse and trafficking in the naval service have been widely publicized. The decision of a seller to participate in and accelerate the infusion of illegal controlled substances within the structure of the military organization represents a flagrant disregard for his responsibilities to his fellow soldiers, marines, sailors, or airmen, and to the armed forces of his nation. *United States v. Harvey,* 12 M.J. 626 (N.M.C.M.R.1981). A person of good military character is less likely to commit offenses which strike at the heart of military discipline and readiness. Therefore, good military character is clearly a pertinent character trait in military drug cases. *Contra, United States v. Weeks,* 17 M.J. 613 (N.M.C.M.R.1983); *United States v. Belz,* 14 M.J. 601 (A.F.C.M. R.1982).

As noted above, the excluded evidence of good military character included evidence of good military behavior. The trait of military behavior is a measure of a service person's willingness to obey commands and regulations. As such it is equivalent to the character trait of lawfulness which is pertinent and admissible. *See Clemons, Angelini,* and *Hewitt, supra.*

*Clemons* and the cases cited there with approval do not limit the admissibility of evidence of the character trait of lawfulness or lawabidingness to situations in which a defense other than a general denial is raised. In *Angelini* the defendant denied drug trafficking. *Clemons* does not limit the admissibility of evidence of the trait of good military character to such situations. The majority, as did another panel of this Court in *Weeks, supra,* has read *Clemons* too narrowly and, hence, misconstrues MRE 404(a)(1).

I conclude that the military judge erred in excluding the proffered evidence of good military character and lawfulness. Testing for prejudice, I find it. Therefore, I would set aside the findings and sentence, authorizing a rehearing.