**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Ronnie McQUERRY,
Defendant-Appellant.**

**No. 14927.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 3, 1987.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Frederick W. Martin III, West Plains, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted of possession of a short barreled shotgun. See § 571.-020.1(4), RSMo 1986; § 571.010(14), (15), RSMo 1986. He was sentenced to one year in the custody of the Missouri Department of Corrections and Human Resources. Defendant appeals.

Defendant states in his point on appeal that the trial court erred in sustaining the state's objections to questions propounded by defendant's attorney to two witnesses concerning the reputation of defendant for being nonviolent "because such questions called for admissible, relevant evidence in that the character trait of nonviolence is pertinent to the offense charged, to-wit possession of a short barreled shotgun."

Character evidence is allowed on the premise that a person with certain "good" character traits is unlikely to commit a crime inconsistent with those traits. *State v. Allen,* 641 S.W.2d 471, 473 (Mo.App.

1982). The question here is whether a person with a nonviolent reputation is unlikely to knowingly possess a short barreled shotgun.

Defendant contends that possession of a short barreled shotgun and the other potential weapons listed in § 571.020.1, RSMo 1986, was prohibited because those items may be used for violent purposes. Defendant claims that since the short barreled shotgun is a weapon "which lends itself to use for illegitimate purposes", it "would tend to be possessed by violent persons". Thus defendant argues the character trait of nonviolence is inconsistent with the offense of possession of such a shotgun.

Defendant acknowledges that he has been unable to find any authority directly in point and plaintiff does not cite any direct authority. Defendant states that "the closest situation" to the present case that he found is *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir.1980). Defendant states that *Darland* held that the character trait of "peacefulness" was relevant to the offense of robbery.

Whether defendant correctly summarizes *Darland* or if its holding is correct, or should be followed, its facts make it unpersuasive here. Robbery is accomplished through force or the threat of force and perhaps a person who has a reputation for being peaceful is unlikely to commit a crime of force or violence as it may be inconsistent for a person to be peaceful and commit such a crime. Here, the crime charged is not a violent one or one that requires the use or threat of force or violence. A person who commits a violent crime would not likely have a reputation for being peaceable or nonviolent, whereas a person could illegally possess a short barreled shotgun and keep such a reputation intact.

■ Defendant's argument assumes that one in possession of a short barreled shotgun possesses it for violent purposes. That this does not necessarily follow is clear from the evidence that defendant offered. One of his witnesses testified that he gave the shotgun to defendant to keep for a short period of time. A person can be guilty of possession of a short barreled shotgun and that guilt not be inconsistent with a nonviolent reputation. The trial court did not erroneously exclude the evidence complained of.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.