918 F.2d 978
 287 U.S.App.D.C. 38
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Delroy HOLMES, Appellant.
 No. 89-3196.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 3, 1990.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Defendant-Appellant Delroy Holmes was tried in August 1989 on a two-count indictment charging distribution of cocaine base and possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. Secs. 841(a), 841(b)(1)(B)(iii), and 841(b)(1)(C). The jury found him guilty on both counts. In this appeal from the conviction and the denial of his new trial motion, Holmes raises two issues. First, he contends that the trial judge committed reversible error when she confined character witness testimony to Holmes's reputation for truth and veracity and refused to allow defense counsel to ask about Holmes's reputation for law abidingness. Second, Holmes asserts that the prosecution, in cross-examining defense witnesses, prejudicially "stated as fact" certain allegations of the government's case. We conclude that neither objection warrants disturbance of the judgment entered on the jury's verdict.
 
 I.
 
 5
 We will assume that this court, were it required to reach the issue, would align itself with other circuits in allowing character testimony on an accused's reputation for law abidingness. See Federal Rules of Evidence 404(a)(1); United States v. Salvidar, 710 F.2d 699, 705-07 (11th Cir.1983); United States v. Angelini, 678 F.2d 380, 381-82 (1st Cir.1982); United States v. Hewitt, 634 F.2d 277, 279-80 (5th Cir.1981); see also United States v. Gravely, 840 F.2d 1156, 1164 (4th Cir.1988) (dicta). Nonetheless, exclusion of the testimony, in the circumstances of this case, would qualify as harmless error. Testimony on Holmes's law-abiding character would be offset by telling evidence of the absence of that trait, i.e., Holmes's 1981 and 1986 convictions for possession of marijuana and attempted possession of marijuana. In face of those convictions, we must reject Holmes's contention on appeal that "the circumstances [here are] such" that witness affirmations of defendant's law-abiding nature "alone [could have] create[d] a reasonable doubt of [the] defendant's guilt." See Young Lawyers Section, The Bar Association of the District of Columbia, Criminal Jury Instruction 2.42 (3d ed. 1978).
 
 
 6
 While we are satisfied that any probative value of the excluded testimony would have been severely undermined, indeed devastated, by Holmes's two previous drug offense convictions, we note the risk the prosecution took at trial. The prosecution would have better served the court's interest and its own had it known and conveyed to the district court the state of federal appellate court precedent on the acceptability of evidence of an accused's law-abiding nature.
 
 II.
 
 7
 Holmes also argues that reversible error occurred when the prosecution "repeatedly" cross-examined the two alibi witnesses "as if the accusation in the indictment was a fact." Brief for Appellant at 15. As the district court noted in denying appellant's motion for a new trial, any potential prejudice arising from the government's cross-examination was remedied when the district court immediately sustained defense counsel's objections and later instructed the jury that it could not consider a lawyer's assertion of fact as evidence. See Memorandum Opinion, United States v. Holmes (No. 89-0182), at 8 (Oct. 16, 1989).
 
 
 8
 For the reasons stated, the district court's judgment is
 
 
 9
 Affirmed.