CRAWFORD, Chief Judge
(concurring in the result):
I agree with the result reached in this case but would take a different approach than the majority regarding character evidence. Sergeant First Class Jones opined that appellant was “a competent, professional drill sergeant, noncommissioned officer. He thinks about the welfare of the soldier. He trains them. He applies the insist and assistment method in accordance with TRADOC regulation 350-6[sie].” Accordingly, part of the good character evidence presented by the defense was that appellant was complying with the regulations. Thus, it was permissible for the Government to introduce the first page of appellant’s own statement to contradict the evidence that appellant complied with trainee regulations. See, e.g., Ryan v. Board of Police Commissioners, 96 F.3d 1076, 1082 n. 1 (8th Cir.1996)(“a court may permit the opponent to introduce similarly inadmissible evidence in rebuttal”); United States v. Brewer, 43 MJ 43, 50 (1995)(defense responsible for reasonable inferences from answer)(Crawford, J., concurring in the result). Once the defense opened the door by presenting evidence that appellant complied with the regulations pertaining to trainees, the Government was permitted to rebut that evidence. Id. Once the accused introduces evidence of pertinent traits of good character, he has opened the door for rebuttal of those traits. See generally United States v. Hewitt, 634 F.2d 277 (5th Cir.1981).
With regard to Issue IV, I agree that the military judge did not abuse his discretion in denying appellant’s petition for a new trial. Appellant has demonstrated no valid basis to sustain a causal challenge. See McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984); United States v. Wiesen, 56 MJ 172, 177 (2001)(Crawford, C.J., dissenting).