James Trent **BRAY**, Appellant,

v.

**C. C. PEYTON**, Superintendent, Virginia
State Penitentiary, Appellee.

No. 13671.

United States Court of Appeals,
Fourth Circuit.

Argued April 6, 1970.

Decided June 4, 1970.

Richard J. Bonnie, Charlottesville, Va.
(Court-appointed), for appellant.

C. Tabor Cronk, Asst. Atty. Gen. of
Virginia (Andrew P. Miller, Atty. Gen.
of Virginia, on brief), for appellee.

Before BOREMAN, BRYAN and
CRAVEN, Circuit Judges.

PER CURIAM:

James Trent Bray is presently serving
a twenty-year penitentiary sentence
passed in a Virginia State court November
18, 1966 on a conviction of statutory
rape. After exhausting all available
State remedies, including habeas corpus,
Bray sought the writ under 28 U.S.C. §
2241 in the Federal Court for the Western
District of Virginia. Erroneously,
it denied relief.

At the State habeas corpus hearing,
May 2, 1968, Bray's trial counsel testified
that the defense stratagem was to
expose the 15-year-old child prosecutrix
as a consenting lewd female and thus
reduce the offense to a misdemeanor.[1]
To this end, he was prepared to introduce
four young men as witnesses to testify
to their illicit relations with the
complainant. All of them were in the
courtroom for the trial.

---

1. Va.Code Ann. § 18.1-46 (1960 Repl.Vol.)
provides in part:

"*Effect of female being of bad moral
repute or lewd.*—Upon the trial of any
defendant * * * charged with unlawful
carnal knowledge of a female child
between the ages of fourteen and sixteen
years, if the jury, or the court trying the
case without a jury, shall find that such
female child was of bad moral repute
and also was a lewd female, at and before
the time of the alleged offense, and that
said unlawful carnal knowledge was with
her consent, the defendant shall not be
convicted of rape, but, if warranted by
the evidence, the jury, or the court trying
the case without a jury, may find the defendant
guilty of contributing to the delinquency
of a minor child or of fornication,
and shall fix the defendant's
punishment as provided by law for whichever
of said offenses the defendant is
convicted. * * *"

About the same time Bray was indicted, one of these witnesses had been charged with a like assault upon the girl. After he joined the Army, the accusation was dropped. He attended Bray's trial pursuant to a summons sent to the commanding officer at Fort Bragg, North Carolina. However, before Bray's defense was begun, the prosecuting attorney directed the arrest and incarceration of this witness on the old charge. The warrant was immediately executed, although such interference with an out-of-state witness is in direct violation of the Virginia Code.[2]

This left the defense with only one witness to the accusatrix's reputation. He was the defendant's brother who characterized her as a "flirt". Counsel at the criminal trial testified in the State habeas corpus hearing that the other two witnesses would have testified to their sexual intercourse with her. He also testified that both of them had indicated their intention to give evidence on behalf of Bray, but the arrest of their fellow witness cooled this willingness. Conceding arguendo that only evidence of reputation was receivable, and proof of specific acts was inadmissible, their examination could have been so restricted. Anyway, the defendant was entitled to an unencumbered try at it.

The State habeas judge stated that the arrest of the defense witness during trial "could have had an intimidating effect, not only upon that witness, but upon the other witnesses who were called for the defendant * * *." It is difficult to imagine the contrary.

At trial the Court rejected a defense request to instruct upon the possible lowering of the crimination to a misdemeanor. It ruled that under the mitigation statute, Va.Code Ann. § 18.1–46, fn. 1 supra, the burden was upon the defendant to adduce evidence of moral dis-

repute, and in that respect the proof failed.

Thus, there exists the strong probability that jailing one of Bray's witnesses robbed him of his only defense. At the least, it was quite relevant since in Virginia the jury fixes the punishment. Va.Code Ann. § 19.1–291 (1960 Repl.Vol.). See Whitaker v. Warden, Maryland Penitentiary, 362 F.2d 838 (4 Cir. 1966).

Even if not deliberate, the prosecuting official obviously obstructed the defendant's offer of exculpating proof. A blow to our adversary trial system, it was inherently prejudicial.

In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963) the Court stated the principle dominating here:

> "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."

As this court said in Barbee v. Warden, Maryland Penitentiary, 331 F.2d 842, 847 (1964):

> "One cannot possibly say with confidence that such a defect in the trial was harmless. A procedure so burdened with the tendency to harm accords a defendant less than due process."

Our holding that Bray was denied due process is found, too, in Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L. Ed.2d 1019 (1967). Declaring that the Sixth Amendment provision of compulsory process upon witnesses applies to the States, the Court held it included "the right to put on the stand a witness who was physically and mentally capable of testifying to events that he had per-

---

2. Va.Code Ann. § 19.1–277 (1960 Repl. Vol.) provides in part:

"If a person comes into this State in obedience to a summons directing him to attend and testify in this State he shall not while in this State pursuant to such summons be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this State under the summons."

sonally observed, * * *." 388 U.S. at 23, 87 S.Ct. at 1925.

There is no place in this case for an argument of waiver. Our determinations render unnecessary discussion of the other points appellant makes against the conviction.

It follows that unless Virginia affords Bray a new trial within a reasonable time, his petition for release on habeas corpus should be granted by the District Court.

Reversed and remanded.