**UNITED STATES of America,** Plaintiff-Appellee,

v.

**Sherryl Lynn Grimsbo HENRICKSEN,** Defendant-Appellant.

No. 77–5159
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1977.

Gerald H. Goldstein, San Antonio, Tex., for defendant-appellant.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Robert S. Bennett, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant Sherryl Lynn Grimsbo Henricksen was convicted of conspiracy to possess with intent to distribute, and possession with intent to distribute cocaine, in violation of 21 U.S.C.A. §§ 846, 841(a)(1). Prior to trial, a codefendant, whose testimony would have tended to exonerate Henricksen, plea bargained with the Government. As part of his plea, he had to agree not to testify in any manner regarding Henricksen. If he did testify, the Government stated the agreement would be void, and he would be tried on all counts of the indictment. The codefendant refused to testify.

The Government, with the concurrence of the Justice Department and the trial judge, has now confessed error on this point and has requested that we reverse the conviction and remand for a new trial. Based upon an independent examination of the record, we conclude that the Government's confession of error is in order. Substantial Government interference with a defense witness' free and unhampered choice to testify violates due process. *United States v. Morrison*, 535 F.2d 223 (3d Cir. 1976); *United States v. Thomas*, 488 F.2d 334 (6th Cir. 1973). *See United States v. Valdes*, 545 F.2d 957, 959–961 (5th Cir. 1977).

The judgment of conviction is reversed and the case is remanded for a new trial.

REVERSED AND REMANDED.