John Larry RAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 84–1448.

United States Court of Appeals, Eighth Circuit.

Submitted May 1, 1984.

Decided Dec. 28, 1984.

Certiorari Denied March 18, 1985.
See 105 S.Ct. 1771.

John Larry Ray, pro se.

Thomas E. Dittmeier, U.S. Atty., Robert T. Haar, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

John Larry Ray appeals from the district court's dismissal, in accordance with the magistrate's recommendation, of his 28 U.S.C. § 2255 petition.[1] For reversal, Ray argues in his response to our show cause order that, at his original bank robbery trial, the court improperly denied him the opportunity to present a defense based on evidence of a government conspiracy. He also argues that the conspiracy blocks his release under federal parole laws. He suggests that newly discovered evidence supports both of these claims.[2]

■ Initially, we note that the district court has broad discretion in ruling on objections to arguments of counsel; its decision will be reversed only for abuse of discretion. *Pingatore v. Montgomery Ward & Co.*, 419 F.2d 1138, 1142 (6th Cir. 1969), *cert. denied*, 398 U.S. 928, 90 S.Ct. 1818, 26 L.Ed.2d 90 (1970); *Rochester Civic Theatre, Inc. v. Ramsay*, 368 F.2d 748, 754-55 (8th Cir.1966). We find nothing in the record to suggest that the district court abused its discretion in refusing to allow testimony to prove a government conspiracy.

■ In his response to our order to show cause, Ray makes several conclusory statements which we have previously found are unsupported in the record. His bare allegations of conspiracy do not disclose any support by newly discovered evidence. First, he alleges that the government secretly transferred Jerry Miller, a codefendant, to the Ninth Circuit for trial, and then suppressed the fact of his conviction. In fact, Miller escaped from custody and eluded authorities for over two years until he was apprehended in California, where he pled guilty and was sentenced. *Ray,* 588 F.2d at 601 n. 1. Second, Ray implies that because Ronald Goldenstein, a principal in the bank robbery, was acquitted, Ray was improperly convicted of aiding and abetting the bank robbery. We have previously considered this argument and found it meritless. *Id.* at 603-04. Third, Ray implies that Miller was convicted of the same crime that Ray was, which is somehow improper. We find nothing improper in multiple convictions for similar activities where the crime was the product of concerted activity. Finally, Ray suggests that the government conspired to prolong his release date under the Parole Reorganization Act of 1976, 18 U.S.C. §§ 4201 *et seq.* We find no evidence of any *ex post facto* clause violation here and no suggestion of any government conspiracy.

We have reviewed the briefs, trial record, and Ray's response to our order to show cause and find no merit in his petition.

Accordingly, the judgment of the district court is affirmed.

---

1. This is Ray's fifth motion under section 2255. Only the dismissal of the third of his petitions was reported. *Ray v. United States,* 588 F.2d 601 (8th Cir.1978).

2. Ray also argued that his counsel's assistance was ineffective, that the government placed a spy in his defense camp, and that the government knowingly used perjured testimony. We find that these are unsupported by the record and need not consider them further.