2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Leroy CIFU, Petitioner-Appellant,
v.
Otis THURMAN, Warden, Respondent-Appellee.
 No. 92-56021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1993.*
Decided Aug. 11, 1993.
 
 Before: BROWNING, FARRIS AND KELLY**, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Thomas Leroy Cifu and his wife[1] were convicted of four felonies: possession of marijuana for sale, conspiracy to manufacture and distribute methamphetamine, and possession of an explosive device. Cifu exhausted his state court remedies and petitioned the district court for a Writ of Habeas Corpus. The district court dismissed the petition. Cifu appeals.
 
 
 3
 We affirm.
 
 I. CONFRONTATION OF WITNESS
 
 4
 Cifu argues that the admission of the transcript of Rowena Chambers' preliminary hearing testimony violated his Sixth Amendment right to confrontation, because Chambers was available to testify and the transcript was unreliable.
 
 
 5
 The trial judge established that Chambers was unavailable at trial. Before admitting the preliminary hearing transcript into evidence, the court questioned the district attorney at length about his efforts to locate her. The prosecutor's efforts were sufficient. Cf. Barber v. Page, 390 U.S. 719, 724-25 (1968) (holding that "a witness is not 'unavailable' ... unless the prosecutorial authorities have made a good-faith effort to obtain his presence at trial").
 
 
 6
 Chambers was extensively cross-examined at the hearing and the cross-examination was read to the jury. Thus, the preliminary hearing transcript "bore sufficient 'indicia of reliability' and afforded 'the trier of fact a satisfactory basis for evaluating the truth of the prior statement.' " Ohio v. Roberts, 448 U.S. 56, 73 (1980) (citations omitted). The evidence fits within a firmly established hearsay exception, Fed.R.Evid. 804(b)(1), the "former testimony" exception. "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." Roberts, 448 U.S. at 66.
 
 
 7
 Cifu argues that Chambers would have recanted her preliminary hearing testimony had she testified at trial. A video and an audio tape of Chambers completely recanting the preliminary hearing testimony were presented at trial. The introduction of the transcript was not error.
 
 II. DUE PROCESS
 A. Destruction of Evidence
 
 8
 Cifu argues that the court should have dismissed the charge of possession of an explosive device, because the police destroyed the device before trial. "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The officer who destroyed the dynamite testified that he destroyed it because it was deteriorating to such an extent that it was causing a hazard. Cifu has failed to show bad faith.
 
 
 9
 The state's duty to preserve evidence is limited "to evidence that might be expected to play a significant role in the suspect's defense." California v. Trombetta, 467 U.S. 479, 488 (1984). The evidence must have possessed exculpatory value that was apparent before it was destroyed, and be unavailable by an alternative means. Id. at 489. Two experts testified that the destroyed substance was dynamite. Cifu has provided no evidence that the substance had exculpatory value.
 
 B. Rebuttal Witness
 
 10
 Cifu contends that he had inadequate time to prepare his defense, because the prosecution called Christina Medley as a rebuttal witness without disclosing its intention of doing so. "In determining whether disclosure was timely enough to satisfy due process, we consider the prosecution's reasons for late disclosure and whether the defendant had an opportunity to make use of the disclosed material." La Mere v. Risley, 827 F.2d 622, 625 (9th Cir.1987).
 
 
 11
 Even though the disclosure was late, Cifu had an adequate opportunity to challenge Medley's testimony. He moved for and was granted a continuance before cross-examination. He cross-examined Medley and impeached her with four character witnesses. Allowing the testimony did not violate Cifu's right to due process.
 
 C. Ex Parte Conference
 
 12
 During trial, the prosecutor had an ex parte conference with the judge at the bench. The judge made the conference a matter of record that afternoon. He informed Cifu's attorney the next morning. Cifu cites no authority for the conclusion that the ex parte conference violated his due process rights. He argues that if he had been informed of the conference earlier, he might have been able to secure Jerold Espy's return for cross-examination. Cifu suffered no prejudice. As a defense witness, Espy probably helped Cifu by disappearing during cross-examination. If the conference was error, it was harmless beyond a reasonable doubt.
 
 D. Witness Intimidation
 
 13
 The court denied a motion for a new trial based on charges of witness intimidation. Cifu argues that his counsel was ineffective because he did not immediately file a petition for writ of habeas corpus. We reject the argument. His claim is more appropriately analyzed as a due process claim.
 
 
 14
 Cifu presented several affidavits to the trial court as evidence of witness intimidation. The judge's finding that these affidavits were not credible was not clearly erroneous. See United States v. McConney, 728 F.2d 1195, 1200 & n. 5 (9th Cir.) (en banc) (reviewing factual findings for clear error), cert. denied, 469 U.S. 824 (1984). Cifu also presented the affidavits of two witnesses that he did not call to testify. Because he did not call them to testify, Cifu cannot show that the prosecutor's actions deprived him of valuable testimony.
 
 
 15
 Assuming Cifu did not waive these claims, the affidavits are nevertheless insufficient. Cf. Peeler v. Wyrick, 734 F.2d 378, 382 (8th Cir.1984) (McMillian, J., dissenting) (rejecting waiver argument not addressed by majority). Each witness indicates only that he would have testified that he did not see Cifu involved in illegal activities. There is no reason to believe this testimony would have affected the outcome.
 
 III. EXCLUSION OF PSYCHOLOGIST'S TESTIMONY
 
 16
 Cifu sought to introduce the testimony of Christina Medley's psychologist to impeach her testimony. The court excluded the testimony, holding that Medley had not waived her doctor/patient privilege and that the testimony was not relevant. This is a state evidentiary issue which is not cognizable on petition for writ of habeas corpus. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
 
 IV. INEFFECTIVE ASSISTANCE OF COUNSEL
 A. Trial Judge Recusal
 
 17
 The trial judge denied an oral motion for his recusal. Cifu contends that his counsel was constitutionally ineffective because he did not pursue the motion by filing a petition for writ of mandate to obtain the judge's recusal. Cifu must show that his counsel's acts fell below the reasonable range of professional assistance and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). A court may look first to determine if the defendant was prejudiced by his counsel's actions, and if not, dispose of the claim on that basis. Id. at 697. Cifu offers no evidence of bias by the judge. Nor can Cifu show that but for his counsel's failure to pursue the writ of mandate, he would have prevailed. His claim fails.
 
 B. Bail Hearing Comments
 
 18
 Cifu argues that the judge made comments during the hearing on bail pending appeal that suggested that the state did not meet its burden at trial. He argues that his attorney was ineffective because he did not raise this issue on appeal. The argument is frivolous. The record demonstrates that the judge's comments were directed to the burden of proof for granting bail pending appeal. As the trial judge said nothing to suggest that the state had not met its burden of proving Cifu guilty beyond a reasonable doubt, Cifu's attorney was not negligent in not pursuing that argument.
 
 C. Instruction Number 1
 
 19
 Cifu argues that instruction number one was tantamount to a directed verdict for the prosecution and that his counsel was ineffective for not objecting to it. The language does not direct the jury in its thinking, it merely states the charges. Cifu's counsel was not ineffective for declining to object.
 
 D. Coconspirator Corroboration Instruction
 
 20
 Cifu asserts that the court erred in giving the following instruction:
 
 
 21
 If the crimes of conspiracy to manufacture charged in Count II and conspiracy to distribute charged in Count III were committed by anyone, the witnesses Christina Medley and Rowena Chambers were accomplices as a matter of law and their testimony is subject to the rule requiring corroboration.
 
 
 22
 This instruction is to Cifu's benefit. It instructs the jury that if a conspiracy is found, they may only credit the testimony of two key prosecution witnesses if the testimony is corroborated by other evidence. Cifu's attorney was not constitutionally ineffective for not objecting to an instruction that benefitted his client.
 
 
 23
 Affirmed.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the 10th Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cifu's wife petitioned separately for habeas corpus and is not included in this appeal