United States Court of Appeals
For the Eighth Circuit

_____

No. 16-1711
_____

United States of America

*Plaintiff - Appellee*

v.

Sean Gerald Penoncello

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota - St. Paul
_____

Submitted: December 7, 2016
Filed: December 9, 2016
[Unpublished]
_____

Before SMITH, BOWMAN, and BENTON, Circuit Judges.
_____

PER CURIAM.

Sean Penoncello directly appeals the district court's[1] judgment entered after a jury found him guilty of producing and possessing child pornography, in violation of

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

18 U.S.C. §§ 2251(a) & (e) and 2252(a)(4)(B) & (b)(2). Penoncello's counsel has filed a brief filed under Anders v. California, 386 U.S. 738 (1967), challenging (1) the sufficiency of the evidence, (2) the admission of Federal Rule of Civil Procedure 404(b) evidence, (3) the government's alleged intimidation of an alibi witness, and (4) the reasonableness of Penoncello's sentence. For the reasons that follow, we affirm.

This court reviews the sufficiency of the evidence in the light most favorable to the government, resolving evidentiary conflicts in favor of the government, and accepting all reasonable inferences that support the jury's verdict. See United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008). The evidence introduced at trial was ample to support the jury's verdict, notwithstanding Penoncello's argument that law enforcement officials should have attempted to find DNA or fingerprint evidence on two thumb drives found hidden in a dryer vent during a search of his residence. See United States v. Manning, 738 F.3d 937, 945-46 (8th Cir.) (possession conviction), cert. denied, 135 S. Ct. 149 (2014); United States v. Coutentos, 651 F.3d 809, 823 (8th Cir. 2011) (production conviction). In addition, we find no abuse of discretion in the district court's admission of Rule 404(b) evidence that was not unduly prejudicial, and that was probative of Penoncello's ownership and use of the thumb drives. See United States v. Grant, 721 F.3d 505, 509 (8th Cir. 2013) (reviewing admission of Rule 404(b) evidence for abuse of discretion, and noting that court will reverse only when evidence had no bearing on case and was introduced solely to show defendant's propensity to engage in criminal misconduct). We further see no evidence that the government violated Penoncello's right to due process by interfering with any defense witness's choice to testify. Cf. United States v. Henricksen, 564 F.2d 197, 198 (7th Cir. 1977) (per curiam) (substantial government interference with defense witness's free and unhampered choice to testify violates due process). We conclude, as well, that Penoncello's 400-month prison sentence is not unreasonable. See United States v. Young, 644 F.3d 757, 762 (8th Cir. 2011) (standard of review).

In a pro se supplemental brief, Penoncello argues that his counsel rendered ineffective assistance. That argument is not appropriate for consideration, however, in this direct appeal. See United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005). Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.

The judgment is affirmed, and counsel's motion to withdraw is granted.

_____